MEMORANDUM OF DECISION
This case presents petitions for the termination of the parental rights of Nina S. to two of her four children, Shateema B., now age nine and Rashone S., age eight. The two younger children, Antwain and William B. presently reside with their parental grandmother and the court permitted the termination petitions as to them to be withdrawn. The plan of the Department of Children and Families, hereafter "DCF", for the two youngest children is for a subsidized transfer of guardianship to their paternal grandmother in the future as she has been their caretaker and foster parent since 1996. CT Page 8826
On July 19, 1993, neglect petitions were filed for the two children who are the subject of the termination petitions as well as for their sibling, Antwain B. For a period of time, they were placed with their mother under protective supervision. Nonetheless, all three children were adjudicated neglected and committed to DCF on October 12, 1994. Timely extensions of their commitments have been granted since that date. The youngest child, William, had earlier been removed and adjudicated an "uncared-for" child.
On June 8, 1998, Nina S., now incarcerated as a consequence of her cocaine and alcohol abuse, consented to the termination of her parental rights to Shateema and Rashone. The court (Cohn, J.) found that her consent was voluntarily and knowingly made with the advice and assistance of competent legal counsel and with an understanding of the consequences of her consent to such court action. The petitions were amended to reflect her consent.
On the day of trial, the court proceeded against the two biological fathers of Shateema and Rashone, Michael B. and Linbera M., respectively. The court finds that the mother was personally served with the termination petitions and has appeared through court-appointed counsel. She attended court on the day of the termination trials in order to verify that the termination petitions as to the youngest two children would be withdrawn and that the plan for transfer of guardianship was made known to the court. Subsequent to these events, she and her counsel were excused. The father of the two youngest children, Anthony B., and his counsel also attended the trial and were excused when the petitions as to his children were withdrawn.
From the record and the evidence, the court finds that Michael B. was personally served with the petition to terminate his parental rights to Shateema while he was incarcerated. The court finds that since his release, he has had actual notice of the proceedings and the date of the termination trial. He has appeared through counsel, but did not attend the trial. Linberg M., Rashone's father, was served by publication in the NewBritain Herald, as he was last known to reside there. Linberg M. did not attend the trial, has never attended any hearings since the commencement of the case concerning his son, but was represented by court-appointed counsel. The court finds that each of the parents has been properly served in accordance with the statutes. The court further finds that it has jurisdiction in this matter and that there are presently no actions pending against CT Page 8827 these two children in any other court.
The Department seeks the termination of Michael B.'s rights to Shateema on the grounds that she was previously adjudicated neglected and that he has failed to achieve such degree of personal rehabilitation as would encourage the belief that, within a reasonable time, considering the age and needs of the child, such parent could assume a responsible position in her life. Connecticut General Statutes § 17a-112 (c)(3)(B). As to the father of Rashone, Linberg M., the allegations are that he has abandoned the child. Connecticut General Statutes § 17a-112 (c)(3) (A.
The court, having reviewed the verified petitions, the seven exhibits which were admitted into evidence as well as the brief testimony of the present DCF social worker and having taken judicial notice of the prior record of court proceedings makes the following factual findings and reasonable inferences supported by those findings:
The mother, Nina S. has a long history of cocaine and alcohol abuse. Michael B., the father of Shateema, has an extensive criminal history extending more than ten years with a number of drug-related convictions. His latest incarceration was due to a conviction of assault in the third degree. Michael B. has only sporadically been involved with his daughter. He was incarcerated when she was born and much of the time she has spent in foster care. During a psychological evaluation ordered by the court and performed by Dr. Nancy Randall in January of 1998, he stated that "once he gets out of jail, he would need to take care of himself before he could hope to care for his daughter." He also stated that he did not know how long it would be before he could care for her because he did not know how long it would take him to take care of his own needs.
Michael B.'s contact with DCF has also been minimal. The worker testified that he came to the DCF office once, in September of 1997. At that time and through treatment plans that had been sent to his residence, he knew that he would need to attend parenting classes, secure drug treatment, attend counseling and secure adequate income and housing before he could hope to be reunited with Shateema. He also was aware that he was to have no further involvement with the criminal justice system. He has done none of these things in an effort to reunite with his daughter. CT Page 8828
The evidence supports a finding by clear and convincing evidence that Linberg M. has abandoned his biological son, Rashone, as he has never had contact with him. He has never made any inquiries of DCF concerning this child, has not supported him nor in any way acted in the role of a parent to him.
Nina's two oldest children reside with Shateema's paternal grandmother in Macon, Georgia, where they have been since April 27, 1996. She wishes to adopt both children. In early 1998, Dr. Randall found her to be their psychological parent. Neither child had a significant relationship with the mother, Dr. Randall concluded. While Shateema had some positive relationship with her father, she did not want to live with him. Dr. Randall found this child to be well-adjusted overall. She stated that "she has normal needs for intimacy in her life and is able to attach well."
Rashone has never known his father, although Shateema's grandmother and father treat him as part of their family, He has had some behavioral problems at this home and in school, but those have recently improved. Dr. Randall concluded in her evaluation that this child "is badly in need of security and stability in his life."
 ADJUDICATION
Based on clear and convincing evidence, the court concludes that Michael B. has failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of Shateema, he could assume a responsible position in the life of this child. Connecticut General Statutes § 17a-112 (c)(3)(B). Shateema was adjudicated a neglected child on October 12, 1994. In four years, Michael B. has not taken any steps to rehabilitate himself as a parent. As he himself admitted in January of 1998, first he must learn to care for himself and the needs he has, before he could ever hope to care for a child.
"'Personal rehabilitation' as used in the statute refers to the restoration of a parent to his or her former constructive and useful role as a parent." In re Migdalia M. 6 Conn. App. 194,203, 504 A.2d 532 (1986). See also: In re Juvenile Appeal,1 Conn. App. 463, 477, 473 A.2d 795, cert. denied, 193 Conn. 802,474 A.2d 1259 (1984). There is no doubt that Michael has not begun the process to accomplish such an outcome. Rehabilitation CT Page 8829 within the foreseeable future is not likely. The court finds, based on the clear and convincing evidence, this ground had existed as to Michael B. for substantially longer than one year prior to the filing of the termination petitions on April 14, 1997 and as amended on April 15, 1998.
The court also finds from the clear and convincing evidence that Rashone S. has been abandoned by his father, Linberg M. The cases hold that abandonment focuses on the parent's conduct. Inre Michael M., 29 Conn. App. 112, 614 A.2d 832 (1992); In reRayna M., 13 Conn. App. 23, 36, 534 A.2d 897 (1987); In re Kezia
M., 33 Conn. App. 12, 632 A.2d 1122 (1993). "Abandonment occurs where a parent fails to visit a child, does not display love or affection for the child, does not personally interact with the child, and demonstrates no concern for the child's welfare." Inre Juvenile Appeal (Docket No. 9489), 183 Conn. 11, 14,438 A.2d 801 (1981). Rashone's father has never come forward to claim this child and has failed to demonstrate any level of interest in him. The court finds that this ground had existed for longer than one year prior to the filing, of the termination petitions on April 14, 1997 and as amended to add this ground on April 15, 1998.
 REQUIRED FINDINGS
The court will make no findings regarding Nina S., the biological mother of these children, as they are not required due to her consent to the termination of her parental rights. The court makes the following factual findings based upon the clear and convincing, evidence required by § 17a-112 (e):
1) Appropriate and timely services were provided by the Department of Children and Families, including case management services, counseling, drug and alcohol treatment referrals, transportation assistance, and visitation coordination. The services offered were extensive.
2) The court finds by clear and convincing evidence that the Department of Children and Families made reasonable efforts to reunify the family, given the situation and circumstances, as far as possible. There were heroic and repeated efforts made with the mother, only to have each such effort fail. As to the father, Michael B. never made himself available for any services to be offered to him and was often incarcerated. Linberg M. was never located and never came forward to acknowledge his child. Under the circumstances, the efforts DCF made for these parents was CT Page 8830 reasonable.
3) The Department set reasonable and realistic goals in order to reunify the family. The mother was never able to remain drug or alcohol free for any period of time. Both fathers were not available and Michael B. took no steps to rehabilitate to reunify with his daughter.
4) The feelings and emotional ties of the children with respect to the parents, any guardian of the person and any person who has exercised physical care, custody and control of the children for at least one year and with whom the children have developed significant emotional ties. Shateema knows her parents and Rashone knows his mother. The children have expressed their wishes not to live with their mother. Shateema has expressed a desire to see her father, but both want to remain with their grandmother, Vorna W., who has nurtured them these last two years. She is their psychological parent and has provided them with the only stable home they have known. The two oldest children are interested in visiting their younger siblings and have expressed sadness at the loss of contact with them.
5) Finding regarding the ages of the children. Shateema is nine years old and Rashone is eight years old.
6) Finding regarding efforts of the parents to adjust their circumstances, conduct or conditions to make it in the best interests of the children to return them to their home in the foreseeable future and (A) the extent to which the parents have maintained contact with the children as part of an effort to reunite the children with the parents, provided that the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communications with the guardian or other custodian of the children Michael B. has maintained minimal contact with his daughter, Shateema. Linberg M. has never had any contact with Rashone. The parents have been unable, as previously found, to adjust their conduct to make a return of the children to them feasible.
7) Finding regarding, the prevention of the parents from having, a meaningful relationship etc. No inappropriate conduct is noted. The Department has taken such steps as were possible under the circumstances to encourage Michael B. to have a meaningful relationship with Shateema. No efforts could have made CT Page 8831 for Linberg M., due to his absence.
 DISPOSITION
Shateema and Rashone have been in foster care for four years. They each need the stability and consistency that are provided by their loving relationship with their grandmother and the stable home she has maintained for them. Based upon the foregoing, findings, the court determines that it is in the children's best interests that a termination of parental rights enter. It is in Shateema B.'s best interests that a termination of parental rights enter as to her father, Michael B. Further it is in the best interests of Rashone S. that a termination of parental rights enter with respect to his father, Linberg M., and, accordingly, a termination of their parental rights is ordered. The Commissioner of the Department of Children and Families is hereby appointed the statutory parent of Shateema and Rashone. If their grandmother, Vorna W., continues to be willing to adopt Shateema and Rashone, it is the court's direction that she receive first consideration. Also, to the extent possible, the Commissioner should encourage and arrange for sibling visits with the two younger children in the State of Connecticut whenever possible. A permanency plan for the two children shall be submitted within ninety days and a review plan for them shall be filed in accordance with state and federal Law.
Barbara M. Quinn; Judge Child Protection Session